UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **TEAMSTERS LOCAL 639-EMPLOYERS HEALTH TRUST,** *et al.* ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **Civil Action No. 11-1242 (ESH)** |
| **DARIN HODGES,** ) ) ) | |
| **Defendant.** ) ) | |

## MEMORANDUM OPINION

Plaintiffs, Teamsters Local 639–Employers Health Trust ("Health Trust") and its Trustees, brought this action against defendant Darin Hodges pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), seeking reimbursement of amounts expended in health benefit payments on behalf of defendant from monies defendant received from the District of Columbia Workers' Compensation Program.[1]  (Compl., July 6, 2011 [Dkt. No. 1].)[2]  Before the Court is plaintiffs' amended motion for entry of default judgment.  (Pls.' Amended Mot. for Default Judgment, Dec. 12, 2011 [Dkt. No. 15].)

Plaintiffs first filed a motion for entry of default judgment on December 6, 2011. (Pls.' Mot. for Default Judgment, Dec. 6, 2011 [Dkt. No. 13].)  The Court denied that motion solely

---

[1]The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e) and (f), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue is proper under 29 U.S.C. § 1132(e)(2).

[2]Plaintiffs filed an Amended Complaint on October 25, 2011, dismissing the second defendant, Matthew Pfeffer. (Amended Compl., Oct. 25, 2011 [Dkt. No. 7].)

because plaintiffs failed to provide the Court with an affidavit or documentary evidence to support the allegation that Health Trust had expended a total of $4,029.25 on defendant's behalf, without which the Court could not determine the appropriate sum for default judgment. (Memorandum Opinion and Order at 4, Dec. 8, 2011 [Dkt. No. 14].)  Plaintiffs' amended motion remedies that defect by attaching an affidavit from Denelle Araujo, an employee of the American Benefit Plan Administrators, which administers Health Trust.  That affidavit establishes that Health Trust paid $4,029.25 in medical benefits on behalf of defendant Hodges, and confirms that Health Trust has been reimbursed for $2,550.00 of that amount, leaving $1,479.25 outstanding.  (Araujo Aff. ¶¶ 6, 8.)  Accordingly, for the reasons stated above and in the December 8, 2011 Memorandum Opinion, an accompanying Order grants plaintiffs' motion for entry of a default judgment.

                                                /s/
                                 ELLEN SEGAL HUVELLE
                                 United States District Judge

Date: December 12, 2011